Sedgwick, J.,
delivered the opinion of the Court to the following effect: —
The demand of the plaintiffs is resisted on the ground, that there was no valid and sufficient consideration for the promise expressed in the note, on which the action was brought.
*46 *on the 13th of December, 1803, one John Sibley obtained from the government of the United States a patent for the term of fourteen years, for the exclusive right of making and vending what is therein called a new and useful improvement in painting rooms, ornamenting ceilings, &c.
After several mesne assignments, one was made to Judah Bliss and John Bice, the present plaintiffs, of the right of using and vending within certain specified limits, the art described in the letters patent; and on the day on which the note was made, Bliss and Bice assigned to the defendant the right of using and vending, within the limits assigned them, the same art. At the time of the last assignment, none of those previous thereto had been recorded in the office of the secretary of state, as required by the act of congress. In consideration of this assignment, this note and another of the same amount were made.
The art, for which the letters patent were obtained, was not t.he invention of Sibley, the patentee, but, on the contrary, had, long before the issuing of the patent, been publicly known and practised, as well in this country as in England; and this was known to the patentee at the time the letters patent issued. The letters patent were then obtained by fraud and false swearing, and were utterly void. The consequence is, that the patentee obtained nothing by his patent; and of course nothing was conveyed by the subsequent assignments. The assignor lost nothing, nor did the assignee acquire any thing. And besides, Bliss and Bice, at the time of their assignment to the defendant, knew that they had not acquired a complete and valid title; for they had not procured their assignment to be recorded.
As, then, the assignment to the defendant was merely void, and conveyed nothing, there can be no pretence that it is a sufficient consideration to render valid in law the note which was given.
Nor did the counsel for the plaintiffs insist that the assignment was in itself a sufficient consideration : * but he argued that the deed of assignment to the defendant contained covenants, on which an action can be supported; and that a cause of action is a sufficient consideration to maintain an action on the note.
It is evident that, if the principle relied upon could apply in this case, the only consequence would be, to authorize the plaintiffs to recover, as a ground for the defendant to recover against them in an action of covenant on the deed; and the reasoning must be very strong and apparent, which would authorize such a judgment.
But we. are all satisfied that the words will not admit of such a construction. The words principally relied upon are that “ whereas *47 Sibley did obtain from the government of the United States of America letters patent, securing to the said Sibley the exclusive right and liberty of making, using,” &c. — These words are used only by way of preamble, and do not assume any express obligation or undertaking; nor indeed do they contain any direct affirmation. — The other words of recital, which are expressed in the deed, and which can by possibility be considered as exp-essing covenants, are those which state the several assignments which have been made; and whether such assignments have or have not been made is wholly unimportant, because they would undoubtedly be wholly ineffectual.
But there is one express covenant. Rice and Bliss covenant with the defendant, that they would warrant and defend to him, his heirs and assigns, what was the subject of the assignment, against the claims of any other person. The subject of this assignment was “all the right and privilege” conveyed to them, as derived from the letters patent granted to Sibley. Now, it has been already shown, that there was nothing conveyed to Sibley by the letters patent; and consequently there was nothing, which could be beneficial to the defendant, for this covenant to operate upon.
As to the principal question in this case, the case of *Hayne & Al. vs. Maltby, cited at the bar, goes much further than is necessary to determine this. There A, asserting that he had a right to a patent machine, covenanted with B, that he might use it in a particular manner, in consideration whereof B covenanted that he would not use it in any other. In an action brought by A upon that covenant, it was determined that B was not estopped by his covenant from pleading in bar to that action, that the invention was not new, or that A was not the inventor; but that he might show that the patent was void.
But there is another ground, on which the plaintiffs’ counsel rested his right to recover, either the whole amount of the note, or at least so much as was the value of the samples, paints, and labor, which were furnished by the plaintiffs to the defendant.
It is true, that if a promise be made on two considerations, and one of them be invalid or void, and the other be good and lawful, the promise is binding. It is also true, that if a promise be made on two considerations, and the one be fraudulent, unlawful, or immoral, and the other good, the promise is void. It does not appear to me that this belongs to either class of these cases. It does not appear that the samples, paints, and labor, furnished by the plain tiffs, were in any degree valuable or useful to the defendant, but as subservient to the art, which was pretended to be conveyed by the issignment The whole was one compound, connected subject, the *48 adjuncts of which were tainted by the principal substance. We are therefore all of opinion, that the defendant is, upon the whole matter, entitled to judgment, (a)

 [It has been held that where any benefit has been received from the assignment of letters patent, or a license to use the thing patented, the price paid for it cannot be recovered back, on the patent being declared void. Taylor vs. Hare, 4 B. & P. 260. ■— Mortimer vs. Fleming, 6 D. &. R 186. — Davies, 307. — Williams vs. Hicks, 2 Vermont Rep. 36. — Ed.]